# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JOSHUA J. LIKOVIC**
**United States Army, Appellant**

ARMY 20160554

Headquarters, Seventh Army Training Command
Joseph A. Keeler, Military Judge
Lieutenant Colonel Eugene Y. Kim, Staff Judge Advocate

For Appellant:  Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA (on brief)

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).

31 July 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curium:

In this appeal we review appellant's pleas of guilty to three specifications of assault consummated by battery against his spouse, in violation of Article 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 928 (2012).  The military judge sentenced appellant to a bad-conduct discharge and seven months confinement.  The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns one error alleging "the military judge erred by allowing improper character of prior service evidence, improper aggravation evidence and improper evidence of rehabilitative potential," and arguing the government's sentencing case impermissibly included specific acts as evidence of appellant's poor rehabilitative potential.  Appellant did not object to this evidence at trial.  In conducting a plain error analysis we find appellant has failed to demonstrate any material prejudice to

his substantial rights.  Appellant also raises matters pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), which are without merit.

## LAW AND DISCUSSION

To establish plain error, appellant must show that:  (1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights.  United States v. Paige, 67 M.J. 442, 449 (C.A.A.F. 2009).

At trial, appellant's company commander and first sergeant testified about changes in appellant's duty performance and behavior after he was accused of the instant offenses.  Appellant asserts that this was impermissible testimony regarding specific acts of appellant's duty performance.  Under Rule for Courts-Martial 1001(b)(5), the government's presentation of testimony regarding an accused's rehabilitative potential is (at least initially) limited to opinions.

However, regardless of any error, appellant has failed to demonstrate any material prejudice to his substantial rights where such evidence appeared to be a part of the defense sentencing strategy and where such underlying conduct was also included in the stipulation of fact.

Indeed, appellant's lack of objection appears to be intentional and tactical. Appellant's unsworn statement included telling the military judge that "[w]hen I was told that I would be court-martialed, I had a hard time caring about anything after that.  I lost my motivation."  That is, appellant echoed the questionable testimony of his commander and first sergeant.  Appellant used this initial tale of woe to transition into a sentencing case involving his redemption.  After discussing his downward trajectory, appellant then talked about how he recognized his mistake and how he would use that recognition "as a motivation to better [him]self."  Appellant also called witnesses who discussed specific instances of recent rehabilitation to demonstrate his potential for rehabilitation.

We also see little likelihood that the questioned testimony mattered. Appellant stipulated to several specific acts of uncharged misconduct.  Appellant missed morning formation, showed up late to work "reeking" of alcohol, denied drinking alcohol despite the sworn statements of a fellow soldier who had been drinking with him, told his supervisor he "cannot promise that I will be able to show up" to future formations on time, and when counseled by his first sergeant stated "[w]hy should I care because I'm going to jail anyway."  Given appellant's stipulation to the underlying facts, we see no prejudice from the commander and first sergeant's testimony.

CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court